# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

In re: <u>Joyce Walker</u>   )   Bankruptcy Case No.
                  )   Judge
                  )
                  )   ☒   **Original Chapter 13 Plan**
                  )
                  )   ☐   **Amended Chapter 13 Plan**
                  )       Dated
                  )
                  )
       Debtor(s)  )
                  )
                  )
                  )

# Chapter 13 Plan

## Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. *Boxes must be checked by debtor(s) if applicable.*

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☒ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1324(b)(4)(A).
☐ The current monthly income of the debtor(s) is **not** less than the applicable median income specified in 11 U.S.C. § 1324(b)(4)(A).

## Plan Payments and Length of Time

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$ **250** per **biweekly** for **60** months
[and $_____ per_____ for _____ months.] *Insert additional lines as needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**

*Check all that apply.*
☒ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):_____.

**2.3 Income tax refunds.**

*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.
☒ Debtor(s) will supply the trustee with a copy of each income tax return filed during the term within 14 days of filing the return and Will turn over to the trustee all income tax refunds received during the plan term.
☐ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is**   $ 32,490.00.

## Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☒ **None.** *If "None is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation and claim modification.** *Check one.*

☒ **None.** *If "none" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒ The claims listed below were either:
  (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
  (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with the interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rile 3002(c) controls over any contrary amount listed below. The final column includes on payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Inland Bank/ Insolve Auto Funding | 14, Volkswagon Jetta | $11, 384.66 | 22% | $ 350<br><br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $18,865.92 |

|  |  | $_____ | _____% | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

   *Check one.*
   ☒ **None**. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

   *Check one.*
   ☒ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Treatment of Fees and Priority Claims

**4.1 General**

   Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

   Trustee's fees are estimated to be 5% of plan payments; and during the plan term, they are estimated to total   $ 1487.00.

**4.3 Attorney's fees**

   The balance of the fees owed to the attorney for the debtor(s) is estimated to be   $ 3,520.00.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

   *Check one.*
   ☒ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
   ☐ The debtor estimates the total amount of other priority claims to be   $**0**.

**4.5 Domestic support obligations assigned or owned to a governmental unit and paid less than full amount.**

   *Check one.*
   ☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

   Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply*.

   ☐ The sum of $_____.
   ☒ 7 % of the total amount of these claims.
   ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

   If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately   $**0**.
   Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

   ☒ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
   ☐ Interest on allowed nonpriority unsecured claims that are no separately classified will be paid at an annual percentage rate of ____% under 11 U.S.C. §1325(a)(4), and is estimated to total $_____.

**5.3 Maintenance of payments and cure or any default on nonpriority unsecured claims.** *Check one.*

   ☒ **None**. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims.** *Check one*.

☒ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**Executory Contracts and Unexpired Leases**

6.1 **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Description of leased property or executory contract | Treatment (refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Mission Priest Lake | Residential Lease | Assume <br> _____ <br> Arrears paid through plan <br> _____ | $856 <br> Disbursed by: <br> ☐ Trustee <br> ☒ Debtor(s) | $3,544.75 | $3,544.75 |
|  |  | _____ <br><br> _____ |  Disbursed by: <br> ☒ Trustee <br> ☐ Debtor(s) |  |  |

*Insert additional contracts or leases as needed.*

**Order of Distribution of Trustee Payments**

7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:

- **Filing Fee - Class 1**
- **Notice Fee - Class 2**
- **Attorney Fee - Class 3**
- **Vehicle Payment - Class 4**
- **Lease Arrears - Class 5**
- **General Unsecured -- Class 6**
- **Claims allowed pursuant to 1305 - Class 7**

**Vesting of Property of the Estate**

8.1 **Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.

☒ entry of discharge.

☐ other: _____ .

**Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Nonstandard provisions are required to be set forth below:*

**9.01 Adequate Protection Payments.** Prior to confirmation the Trustee shall pay on account of allowed secured claims as specified in § 5.02(a), (b) and (c) adequate protection payments as required by § 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

**9.02 Duties of the Debtor(s).** In addition to the duties imposed by the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, this plan imposes the following additional duties on the Debtor(s):

**(a) Transfers of Property and New Debt.** Debtor(s) is prohibited from transferring, encumbering, selling or otherwise disposing of any property of the estate with a value of $1,000 or more without first obtaining court authorization. Except as provided in § 364 and § 1304, Debtor(s) shall not incur new debt without first obtaining court authorization or obtaining Trustee consent pursuant to § 1305.

**(b) Insurance**. Debtor(s) shall maintain insurance protecting all property of the estate to the extent of any value in excess of the liens and exemptions on such property.

**9.03 Effective Date of the Plan.** The date the confirmation order is entered shall be the Effective Date of the Plan.

**9.04 Preservation and Retention of Causes of Action**. Trustee and/or Debtor(s) retain the right to pursue any causes of action for the benefit of the Debtor(s) and/or the estate.

**9.05 Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**
Confirmation of this Plan imposes upon any claimholder treated under § 5.01 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges. Post-confirmation payments shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters pursuant to § 9.06. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

**NOTICE: Absent timely objection, this plan and any included motions may be approved without further notice or hearing at the conclusion of the Meeting of Creditors.**

**9.06 Postpetition Claims.** Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

**9.07 Filing of Proofs of Claim Required for Payment.** Except as provided in 2.02, a Proof of Claim must be filed before any secured, unsecured or priority creditor will be paid pursuant to this plan. Only allowed claims will be paid.

**9.08 Retirement Loans.** Payments on loans from retirement or thrift savings plans described in § 362(b)(19) falling due after the petition shall be paid by Debtor(s) directly to the entity entitled to receive payments without regard to whether a Proof of Claim is filed.

**9.09 Proof of Claim Controls Amount.** Absent objection, a Proof of Claim, not this plan or the schedules, determines the amount of a claim.

**9.10 Plan Controls Everything Else.** If a claim is provided for by this plan and a Proof of Claim is filed, the classification, treatment and payment of that claim—everything except amount—shall be controlled by this plan.

**9.11 Claims Not Provided for by the Plan.** If a claim is not provided for by this plan and a Proof of Claim is filed, until the plan is modified to provide otherwise, the claim will receive no distribution.

**9.12 Fees and Administrative Expenses**
   a. The attorney for the Debtor(s) shall be paid  $ 3,520.00  as follows: $100.00  **a month**
   b. No fees were paid to the attorney for the Debtor(s) prior to filing the petition except $_____
   c. In the event that this case is converted to chapter 7, funds on hand with the trustee shall be assigned by debtor to debtor's counsel to pay court authorized chapter 13 fees if the fee paid to date is less than $1,000.00 through confirmation plus $100.00 per month for each month after confirmation.

**9.13 Payroll Deduction order**
   a. ☒   A payroll deduction order will issue to the Debtor's employer:  Robert Half International, Inc
                                                         2884 Sand Hill RD
                                                         Menlo Park, CA 94025

**9.14 Amendment to Part 4**
   a. ☐   The debtor(s) have other priority claims which will be paid as follows:

| Name of Creditor | Type of Priority | Estimated Amount of Creditor's total claim | Plan treatment | Estimated total of Payments |
|---|---|---|---|---|
| | | | | |

### Additional and Nonconforming Plan Provisions

**10.01** Except as provided immediately below, the preprinted language of this form has not been altered.

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

**Signatures:**

X */s/ Jonathan Augusta*_____   Date  August 13, 2016__

**Signature of Attorney for Debtor(s)**


✘_____   Date_____



✘_____   Date_____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

# Exhibit: Total Amount of Estimated Trustee Payments

_____

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | |
|---|---|
| a. **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | $ 0 |
| b. **Modified secured claims** (Part 3, Section 3.2 total): | $ 0 |
| c. **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | $18,865.92 |
| d. **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | $ 0 |
| e. **Fees and priority claims** (Part 4 total): | $ 5317 |
| f. **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | $ 3504 |
| g. **Interest on allowed unsecured claims** (Part 5, Section 5.2 total): | $ 0 |
| h. **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total): | $ 0 |
| i. **Separately classified unsecured claims** (Part 5, Section 5.4 total): | $ 0 |
| j. **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total): | +   $ **3544.75** |

**Total of lines a through j**………………………………………………………………………………  $ 31,231.67